UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LYNN ELLEN SCHNEIDER,<br>Defendant. | NO. CR-08-2040-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |

Defendant was convicted of Tampering with Consumer Products, in violation of 18 U.S.C. § 1365(a). She now invokes FED. R. CRIM. P. 33 and moves the Court for a new trial. Her primary contention is that the Court erred in admitting evidence under Rule 404(b). Although Defendant has retained new counsel, her trial attorney filed the current motion. The Court has considered the matter without oral argument, and, for the reasons below, it denies Defendant a new trial.

## FACTUAL BACKGROUND

Defendant, a registered nurse, was charged with diverting narcotics from surgical syringes and refilling the devices to conceal the theft. The Indictment alleges this conduct occurred at Skyline Hospital in White Salmon, Washington. Before trial, Defendant moved to exclude prior acts evidence from four previous healthcare facilities at which she worked. (Ct. Rec. 95). The Government's proffer indicated that circumstances at these facilities demonstrated that Defendant had engaged in tampering there, too. The Court admitted allegations from three of

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** * 1

Defendant's prior jobs, finding them specific enough to show motive and *modus operandi*. (Ct. Rec. 112). Evidence from the fourth was excluded due to an insufficient nexus between Defendant and the alleged acts. *Id.*

At trial, the Government offered testimony relating to Skyline Hospital, as well as that concerning the previous employers that the Court admitted. Limiting instructions were given both orally during the presentation of the 404(b) evidence and in the final written instruction packet. (Ct. Rec. 143, at 21). The jury returned a guilty verdict.

## STANDARD OF REVIEW

Upon a timely motion,[1] the Court may grant criminal defendants a new trial "if the interests of justice so requires." FED. R. CRIM. P. 33. The burden of justifying a new trial rests with the Defendant, *see United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989), and a motion for new trial is directed to the Court's discretion. *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). It is relief granted only in "exceptional cases." *United States v. Showalter*, 569 F.3d 1150, 1157 (9th Cir. 2009).

## ANALYSIS

**A.    The Court Already Ruled on the Challenged 404(b) Evidence**

The majority of Defendant's argument is grounded in her assertion that the Court should not have admitted evidence from her previous places of employment. This is not a new contention. That evidence was the subject of Defendant's pretrial motion that was granted in part and denied in part in a twelve-page opinion. During trial, the Court several times gave a limiting instruction during the Government's presentation of the 404(b) evidence, both at the behest of

---

[1] Motions based on a reason other than newly-discovered evidence must normally be brought within seven days of the guilty verdict. Although Defendant missed this deadline, she requested an additional week to file her claim, to which the Government did not object. The Court therefore considers Defendant's request timely.

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** \* 2

Defendant's counsel and on its own motion. The final language of Jury Instruction No. 20, which was used during deliberations, was endorsed by Defendant. The Court believes jurors understood the role such evidence was to play in their decision to convict.

Defendant also finds the Court's reliance on *United States v. Cunningham* misplaced. 103 F.3d 553 (7th Cir. 1996). In that case, the district court, applying the motive and *modus operandi* exceptions to Rule 404(b), admitted evidence that a nurse charged with tampering might also have done so in the past. Defendant points to several factual differences between her circumstances and those in *Cunningham*. However, the Court already considered those distinctions when it ruled on Defendant's motion to exclude. (Ct. Rec. 112, at 7-8). Ultimately, while this argument may be the proper subject of an appeal, it is not compelling on a motion for a new trial.

**B.    Collateral Estoppel is Not Applicable**

Defendant also contends that collateral estoppel should have barred reference to alleged conduct during her employment at Three Rivers Community Hospital in Grants Pass, Oregon. That doctrine prohibits the re-litigation of issues of ultimate fact that have been previously adjudicated. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Defendant notes that, for the purposes of determining unemployment benefits, an Oregon administrative law judge found that she did not engage in "misconduct" while working at Three Rivers. However, this argument fails. Defendant was not tried here based on conduct at any facility in Oregon; rather, the Indictment concerns her actions at Skyline Hospital. Implicit in admission of the Rule 404(b) evidence was the Court's belief that it posed "a minimal danger of luring the jury to declare guilt on any basis other than proof

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** * 3

specific to the instant offense." (Ct. Rec. 112, at 8).  Collateral estoppel simply does not apply.[2]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial (Ct. Rec. 150) is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 28th day of April, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2008\Schneider\deny.new trial.ord.wpd

---

[2] Even were Court persuaded by Defendant's collateral estoppel argument, Oregon law expressly limits administrative dispositions to that context. *See* OR. REV. STAT. § 657.273(1) (administrative rulings "may not be used for the purpose of claim preclusion or issue preclusion in any other action[.]").

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** * 4